DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Roderick Cooper, ) | |
| ) | CASE NO. 5:10 CV 1665 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| City Yellow Cab Co., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On July 30, 2010, Plaintiff Roderick Cooper filed a pro se complaint with this Court against Defendant City Yellow Cab Company ("CYC"). Plaintiff alleges CYC discriminated against him based on his religion. ECF No. 1. He alleges that when he applied to drive a cab for CYC, Office Manager Mark Posten said "he did not want [Plaintiff] back because of my religion." CYC submitted a motion for summary judgment on March 10, 2011. CYC's motion for summary judgment was served on Plaintiff, but no opposition to Defendant's motion has been filed.

For the following reasons, Defendant's motion is GRANTED.

I. Undisputed Facts

Plaintiff drove CYC vehicles as an independent contractor under a Taxicab Lease Agreement from September 21, 1999 until April 13, 2001. During that time Plaintiff was involved in four accidents, two of which were his fault. He was also repeatedly argumentative with dispatchers and warned about stealing when he was caught pulling a fuse. Furthermore, supervisors wrote him up three times including a customer complaint, his failure to return a cab

(5:10 CV 1665)

on time, and his improper usage and payment of gasoline. After his license was suspended in 2000, Plaintiff left owing over $60 in unpaid lease fees. ECF No. 11.

In August 2009, Plaintiff filed an application for rehire with CYC. Posten reviewed Plaintiff's recent driving history and found numerous violations between 2000 and 2007. Therefore, Posten decided not to rehire Plaintiff based on his previous work performance and driving infractions. ECF No. 11.

On October 6, 2009, Plaintiff filed a Charge of Discrimination in Employment with the Ohio Civil Rights Commission ("OCRC"). In this charge, Plaintiff indicated that he believed he was discriminated against based on "Race/Color" and indicated his race as "African-American." Additionally, in the space available for a brief but detailed statement of facts Plaintiff described his discrimination:

> I believe I have been unlawfully discriminated against due to my *race* for the following reasons: A. I previously worked for the above-named company in 1995 and 1996 as a Cab Driver. I quit in 1996 with a good work record. On August 20, 2009 I applied to be a cab driver and was denied by Mark [Posten], Manager. B. Caucasians who have been terminated for performance reasons have been rehired by the above-named company.

ECF No. 11-1 (emphasis added).

The OCRC issued its Letter of Determination on January 7, 2010, finding no probable cause to believe Defendant engaged in unlawful racial discrimination. ECF No. 11-2. On May 3, 2010, the Equal Employment Opportunity Commission ("EEOC") adopted the OCRC's findings and issued a Dismissal and Notice of Rights. ECF No. 11-3. The EEOC based its administrative proceedings and investigation on Plaintiff's allegations of racial, not religious,

-2-

(5:10 CV 1665)

discrimination. However, Plaintiff alleged discrimination based on his religion in his July 2010 complaint.[1]

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The United States Supreme Court redefined the principles governing motions for summary judgment in a trilogy of 1986 cases: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The Sixth Circuit expressly adopted the Supreme Court trilogy in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).

To receive summary judgment, the moving party must first demonstrate to the Court that there is an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to demonstrate the existence of a material fact that remains for trial. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A genuine issue for trial exists, unless "the record taken as a whole could not lead a rational trier of fact to find

---

[1] "I put in applicatone [sic] in at City Yellow Cab drive a cab I was not be able to drive because [Mark Posten] said he did not want me back. I asked why. He said he did not want back because of my religion." ECF No. 1.

(5:10 CV 1665)

for the non-moving party." *Matsushita*, 475 U.S. at 587.  Furthermore, in *Anderson*, the

Supreme Court held:

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must he evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict. . . .

477 U.S. at 252.  Thus, the "mere possibility" of a factual dispute is not enough.  *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986).  Rather, in order to defeat summary judgment a plaintiff "must come forward with more persuasive evidence to support [his] claim than would otherwise be necessary."  *Matsushita*, 475 U.S. at 587.  Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his case, summary judgment should be granted.  *Celotex*, 477 U.S. at 325-26; *see also Street*, 886 F.2d at 1478-80.

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.  This Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences

(5:10 CV 1665)

that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### B. Failure to Exhaust Administrative Remedies

Plaintiff's OCRC and EEOC charge states CYC discriminated against him based on his "Race/Color" during the rehiring process. Neither mentions any discrimination against Plaintiff because of his religion. ECF No. 11-1 and 11-2. It is not until Plaintiff's pro se complaint that he claimed religious discrimination. ECF No. 1.

"A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 . . . may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief." *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972). The Sixth Circuit has held that a Title VII assertion of discriminatory conduct is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980); *see also Tipler v. E. I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir. 1971); *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1363 (6th Cir. 1975); *McBride v. Delta Air Lines, Inc.*, 551 F.2d 113, 115 (6th Cir. 1977); *EEOC v. Bailey Co.*, 563 F.2d 439, 446 (6th Cir. 1977); *Jackson v. Ohio Bell Telephone Co.*, 555 F. Supp. 80, 83 (S.D. Ohio 1982).

Plaintiff did not seek an administrative remedy from his claim of discrimination based on religion. Further, Plaintiff did not claim religious discrimination as a part of his race discrimination charge with the OCRC. Since "there was no such common source of

(5:10 CV 1665)

discrimination," this Court has no jurisdiction to hear his claim. *EEOC v. Bailey*, 563 F.2d at 451.

> The purpose of the administrative exhaustion requirement is to permit the EEOC to investigate and secure voluntary compliance with Title VII.  This salutory purpose is thwarted when a plaintiff fails to present the full scope of her alleged claims to that agency.  *See, e.g., Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545-546 (6th Cir. 1991), confirming the rule that a judicial complaint is limited to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination."  Plaintiff's OCRC charge is plainly based on [his] race, and nothing in the charge would support a reasonable expectation that the OCRC or EEOC would also investigate other claims.
> Therefore, the only claims that are properly before the Court are claims for racial discrimination. . . . Plaintiff's [religious] claims, based on events that occurred prior to the filing of [his] OCRC/EEOC complaint, are therefore dismissed.

*Anderson v. Hamilton Cty. Bd. of Commissioners*, 2006 U.S. Dist. LEXIS 67317, at *6-7 (S.D. Ohio 2006).

Accordingly, the Court concludes that it does not have jurisdiction over Plaintiff's claim of religious discrimination since his OCRC/EEOC complaint addressed racial discrimination. Therefore, Plaintiff did not pursue the requisite administrative channel first with respect to his religious discrimination claim, which is the bases for this complaint.

### C.  Failure to Establish a Prima Facie Case of Discrimination

However, should it be determined that Plaintiff's religious discrimination claim grew out of the OCRC/EEOC investigation, Defendant's motion for summary judgment still will be granted, because the undisputed facts show that there is no prima facie case of discrimination.

Title VII employment discrimination cases require three stages of proof. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Department of Community Affairs v.*

(5:10 CV 1665)

*Burdine*, 450 U.S. 248 (1981).  First, Plaintiff must prove a prima facie case of discrimination. *Burdine*, 450 U.S. at 252-53 (*citing McDonnell Douglas*, 411 U.S. at 802).  Second, if Plaintiff establishes his prima facie case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."  *Id*. (*quoting McDonnell Douglas*, 411 U.S. at 804).  Third, if Defendant carries this burden, Plaintiff must prove that the proffered reasons were pretextual.  *Id*. (*citing McDonnell Douglas*, 411 U.S. at 804).  "Pretext is established by a direct showing that a discriminatory reason more likely motivated the employer or by an indirect showing that the employer's explanation is not credible."  *Kline v. TVA*, 128 F.3d 337, 342-43 (6th Cir. 1997) (*citing Burdine*, 450 U.S. at 252).

Plaintiff must establish a prima facie case of religious discrimination either:  "[1] by introducing direct evidence of discrimination or [2] by proving inferential and circumstantial evidence which would support an inference of discrimination."  *Kline*, 128 F.3d at 348 ;se*e also Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995) ("a plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by showing the existence of facts which create an inference of discrimination" (internal citations omitted)).

When construed in a light most favorable to the plaintiff, the undisputed facts in the record advanced by Defendant in support of summary judgment demonstrate that Plaintiff established a prima facie case.  First, there exists no direct evidence of discrimination in the undisputed facts.  Second, under the circumstantial evidence approach, the *McDonnell Douglas-*

-7-

(5:10 CV 1665)

*Burdine* test[2] shows that Plaintiff was not qualified for the job for which he applied. *McDonnell Douglas*, 411 U.S. 792; *Burdine*, 450 U.S. 248. Additionally, there is no evidence that demonstrates CYC treated members of a protected class any differently from members of an unprotected class. Although Plaintiff alleges CYC rehired Caucasians with records less favorable than his in his Charge of discrimination to the OCRC (but not in his complaint to), the record shows no evidence beyond Plaintiff's mere speculation.[3] Defendant shows that there is no genuine dispute as to any material fact in either direct or circumstantial evidence to prove Plaintiff was the subject of discrimination. Thus, a prima facie case of discrimination was not established and Defendant is entitled to a judgment as a matter of law.

Furthermore, CYC provided legitimate and non-discriminatory reasons for not rehiring Plaintiff. Between Plaintiff's poor driving history and his unsatisfactory prior work record, Defendant has shown that through the normal rehiring procedure, Plaintiff was not qualified. CYC has articulated reasons for not rehiring that have been historically recognized as legitimate and non-discriminatory, and Plaintiff has offered no evidence of pretext to rebut these legitimate

---

[2] Plaintiff (1) was a member of a protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by a person outside the class or a comparable non-protected person was treated better. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581-82 (6th Cir. 1992).

[3] "Because Plaintiff failed to produce sufficient affirmative evidence to establish that the non-minority employees with whom she compares her treatment were 'similarly situated in all respects,' or that their conduct was of 'comparable seriousness' to the conduct for which she was discharged, no claim for discrimination can be based upon a comparison of Plaintiff's and their treatment." *Mitchell*, 964 F.2d at 584.

(5:10 CV 1665)

reasons. *Adams v. Tennessee Dept. of Finance and Administration*, 179 Fed. App'x 266, 274 (6th Cir. 2006).[4]

### III. Conclusion

For the reasons contained herein, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to whether the Court has jurisdiction to hear this case, and in the alternative, Plaintiff failed to prove a genuine issue of material fact as to whether Defendant's decision not to rehire him was based on discriminatory reasons. Accordingly, the Court concludes that Defendant is entitled as a matter of law to summary judgment.

IT IS SO ORDERED.

| June 13, 2011 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[4] S*ee Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1085 (6th Cir. 1994) (holding an employee's combative and obnoxious attitude a legitimate, nondiscriminatory reason for an employer to terminate employment); *Gregory v. Chrysler Corp.*, No. 97- 4442, 1999 U.S. App. LEXIS 8025, at *12 (6th Cir. April 28, 1999) (finding a plaintiff's inability to work well with others to be a legitimate, nondiscriminatory reason for the defendant to take adverse employment action).